**UNITED STATES v. HICKS et al.**
**No. 14727.**
United States Court of Appeals,
Fifth Circuit.
April 30, 1954.

James L. Guilmartin, U. S. Atty., Miami, Fla., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Melva M. Graney, A. F. Prescott, John J. Kelley, Jr., Assts. to Atty. Gen., for appellant.

Walter S. C. Rogers, Miami, Fla., Benjamin W. Yancey, New Orleans, La., Hall, Hedrick & Dekle, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

This appeal from a summary judgment entered upon the complaint and answer involves income tax liability for the taxable years 1943 and 1944, and from January 1st to November 7th of the year 1945.

The complaint alleged the making of an assessment of income taxes and interest in the amount of $24,857.56 upon the income of Ward R. Mincer, for the periods sued for. Paragraph 13 of the complaint alleged the taxpayer's death, that thereafter, on about Dec. 6, 1946, the appellee received from taxpayer's estate $56,549.43, without giving any consideration therefor; and that since that time the estate is, and has been, insolvent.

In her answer, appellee, Ruthe Hicks, the taxpayer's widow, denied the allegations in paragraph 13 of the complaint and alleged that she had only received from the taxpayer's estate her dower interest and sums for which she gave good and valuable consideration, and that the government owed her approximately $6,000 on unpaid refund.

On May 13th, the appellee filed a motion for summary judgment on the ground that the pleadings and affidavit of record show that the defendant is entitled to judgment as a matter of law, and on June 1, 1953, the district court granted the motion, saying, "There is no genuine issue of any material fact as to this defendant either individually or as executrix, and the defendant is entitled to a judgment as matter of law".

The United States is here insisting: that, though the government's claim is as matter of law superior to the amount claimed by appellee as her dower interest in taxpayer's estate, the case is not one for summary judgment on the pleadings; that issues of fact tendered on the pleadings have not been in any way resolved; that it was error to proceed to judgment; and that the judgment must be reversed and the cause remanded for trial on the merits.

We agree with the appellant that this is so. The judgment is, therefore, reversed and the cause is remanded for trial and determination on the merits.